Good morning, Your Honors. Jonathan Kirschbaum, Office of the Federal Defender for Taniko Smith. I request two minutes for rebuttal. The petition challenging the Second Amendment judgment was timely. The Second Amendment judgment reset the one-year time period. This is a matter of statutory interpretation.  And the Supreme Court has repeatedly interpreted the term judgment in these statutes as the judgment that currently authorizes the petitioner's detention. Once that judgment becomes final, the one-year time period begins to run. Here, the judgment authorizing Mr. Smith's current confinement is the Second Amendment judgment. Mr. Smith filed his petition well within one year of that judgment. Smith's position here is consistent with the Supreme Court's interpretation of Magwood. These are two subsections, 2244B in Magwood and 2244D here in this particular case, that are part of the same statutory scheme and focus on the same judgment. It is only logical that a new judgment under Magwood would restart the one-year time period. This is a judgment-based approach, as we just heard from the prior argument. That's exactly what the Supreme Court has focused on in cases like Burton, Magwood, and this Court has focused on exclusively in Wentzel. One important thing here that I have to mention is that the district court's analysis was clearly erroneous. The district court did not even look at the statutory language at all. You know, counsel, I don't think you need to spend too much time on this argument, is my guess. I'd like you to address your alternative argument. Which one? About the underlying constitutional issue? No, the actual innocence argument. Assuming you win on the first one, I'm not saying you will, but assuming you do, why would we or why could we or why should we address that, and why do you win on that? Well, if I win on the first one, so let's just say that this Court finds the petition timely. You're not getting a lot of questions. I just think you should just move on. Right. If that's the direction this Court is going and the petition is timely, then obviously actual innocence isn't in support with respect to this appeal. However, the underlying constitutional violation is. The actual innocence argument obviously is based on the fact that there was a change in the law, which was a clarification that would apply. It's essentially Herrera argument, or is it a Herrera argument or a Schlapp argument? It's actually more like a Boozley argument and a Voskian argument, which is that when there's a change in the law. Voskian is our case, right? Yes, it's an uncertain case. I was trying to put it into Supreme Court categories. Oh, okay. Well, Voskian is essentially an interpretation of Boozley. But the actual innocence argument, at least for the time being, becomes moot if the petition is timely. I'm sorry. Let me rephrase the question rather than using it in terms of cases. Is this a freestanding innocence claim, which is Herrera, or is it a Schlapp-type claim? It's a Schlapp-type claim. Which requires an alternative procedural error or constitutional error that is tied to innocence. It's a Schlapp kind of claim. It is a Schlapp. It's not a Herrera claim. So I guess, you know, I dropped in a footnote that if this court, you know, agrees with me on the timing issue, that this is something that I would like the court to address because the district court's analysis on the underlying constitutional claim was completely wrong. And so I'm worried about if this case gets remanded, that the law of the case or the district court will take it. Let me get to it because your time is short. I see it as a Winship claim. I don't really see it as an actual innocence. I'm not sure how you can get to actual innocence where the fact and dispute is stuff in the mind. Well, I guess at its core. How you can show actual innocence or how you have shown actual. All you've shown is a bad, possibly a bad instruction, plus possibly Winship, which says under that instruction there was not enough. The correct instruction was not enough evidence. Right. And so we went under Winship. Well, I understand Your Honor's position, but this is similar to what the situation would be. Persuade me. It's similar to what the situation would be in Voskin. And I understand how. But Voskin is different. Voskin was a case where it couldn't have happened. Right. All he wanted was to have sex with his daughter. So there was no indication that he was prostituting her to other people. And the court just said, well, it's an impossibility. Since all there is is that it was for his own benefit, it can't possibly be. There's no legal possibility that. But that's not the case here. Well, I think there are. Here there's no legal impossibility. He could have had the requisite state of mind. The prosecution didn't prove it because they were under mistaken impression the law was different. Well, I don't think we have to show that there's a legal impossibility. I think we still have to meet the Schlepp standard when there is a Boozley. Okay. What's the legal impossibility here? Well, you mentioned that there's a jury instruction issue. But that's really the separate underlying constitutional violation. SHARMA, it basically says that an element of the crime, in order to be found guilty of aiding and abetting, is that you act with the specific intent to commit the underlying crime. So that's the change in law, and that's the element that the prosecution needs to prove. So if there is – Is it impossible for your client to have had the requisite state of mind? Well, I don't think we have to prove that's impossible. I think we have to prove – You may not think it is, but nevertheless – Nevertheless, answer my question. Okay. Is it impossible for him to have had the requisite – I mean, the prosecution may not have presented any evidence of it, and you might have a win-ship win on that basis because they just didn't present enough evidence. But it's entirely possible your client had the requisite state of mind. Well, that might be true. But I think that the test that we need to meet would be – no reasonable fact finder would have found that specific intent here. And so I think that's the – How do we know? Because if you have a Schlupp kind of error, I mean, what you then say is, well, you have to go back and presuppose what the prosecution would present then. I mean, and we don't know that they presented everything they could have. If they had known what the target was, they might have presented additional evidence to meet that target. Well, I think that when we raise a Schlupp claim like this, no matter which test we're trying to use, State had all the opportunity to present whatever evidence, say, you know, we put the standard out there. We said that you can consider all the evidence in the case. They didn't present any new evidence. So – That's win-ship. That's win-ship. They just didn't present enough evidence. But that's quite different from saying my guy is actually innocent. He can't possibly be guilty, like Voskian, where all he was trying to do was get his daughter into bed with himself, and that can't possibly be prostitution. But even in Voskian, this Court didn't say that it was a legal impossibility. Even in that case, they said that it did come down to establishing that somebody was legally innocent, not legally impossible – it wasn't legally impossible for him to have committed the crime. Well, counsel, in this argument, are you relying on an interpretation of the instruction that was given as being inconsistent with the Sharma case? Is that what you're saying? When it comes to the underlying Sharma violation, that's correct. I mean, we are saying – Well, hasn't the Nevada Supreme Court already answered that and found that the instruction that was given was sufficient, even under the Sharma case? In that type of situation, this Court is not required to defer to the Nevada Supreme Court's statement on that issue because this is a separate independent constitutional violation, whether or not a jury instruction relieved the State of proving all the elements of the crime. So even if the Nevada Supreme Court says, no, this instruction did not do that, this Court still has the independent obligation to determine whether or not that's correct. So Sharma is the one that defines what the elements of the crime were, and then the next step is you look at the instruction and determine whether or not it did. And it's true that the Nevada Supreme Court, in this case, said that this instruction didn't violate Sharma, but that is contrary to its other decisions. We provided the Mitchell instruction. We provided the Sharma – especially the instruction in Sharma. Those were essentially the exact same instructions that were given here, but the Court found that those relieved the State of its burden of proof of that element of specific intent. So even though the Nevada Supreme Court may have said in this particular case the instruction was fine, that's not the end of the matter. This is an independent constitutional claim that this Court needs to address. And I will reserve my time for that. Thank you. Thank you. May it please the Court. Dennis Wilson, appearing on behalf of the Attelee Warden. The entry of the Second Amendment judgment of conviction in this case had no impact whatsoever on Mr. Smith's original judgment of conviction. The Nevada Supreme Court never overturned his conviction. His conviction was always legal. But he was re-sentenced? No, he wasn't actually. The Court didn't re-sentence him. The Nevada Supreme Court vacated the lower courts of the amended judgment of conviction. So there was no re-sentence. So he is now serving a sentence pursuant to a judgment. And when was that judgment entered? Well, the original judgment... No, no. When was the judgment pursuant to which he is now serving a sentence? When was that judgment entered? And I would argue, Your Honor, that that judgment was not entered when the Second Amendment judgment of conviction was entered because it's a reinstatement of the original judgment of conviction. Nothing changed. It doesn't matter whether it changed. I'm asking you which judgment he is serving a sentence pursuant to now. He's now serving a sentence. It's pursuant to a judgment. And when was that judgment entered by the Court? That would be the Second Amendment judgment of conviction when that was entered. If you don't... So your position is that he should have filed his fatal habeas within a year after the first judgment became final, right? But the... Is that your position? Yes. That is the position. The Court didn't stop. So he gets into federal court. The state court, in the meantime, vacates that. Wrongly, it turns out. But the state court vacates it. So he's now in federal court. Why wouldn't a district judge say the case is moot or the case is not ripe? Because you don't have a valid judgment of conviction. You're not serving a sentence now under a judgment of conviction. So what are we doing in federal court now? Well, again, Judge... I mean, you would be there in district court or your colleague saying, Judge, dismiss the federal habeas petition because, look, there's no state judgment now in force under which this man is serving a sentence. If you don't have a valid state judgment of conviction, he's just essentially a pretrial detainee. All right? Because his judgment of conviction has been vacated, so he's just like some guy who's still waiting for trial or waiting for sentence after trial. That's what you'd be saying, wouldn't you? I don't... I think... I don't think that I would say that. I'd say it was reinstated. There was no change. No, there was no reinstatement. You are still... The state court, the Nevada Supreme Court has not yet ordered reinstatement. So you're now in state court, which is when you think he should be in state court, and they bring a habeas petition based on the first judgment. Why wouldn't you or your colleague be in district court saying, No, this has to be dismissed because there's no valid judgment in force restraining him? And without a valid judgment in force, this court, this district court has no jurisdiction. You'd lose your bar license if you didn't make that argument. You know, the attorney general would say, Hey, you missed federal courts 101, you know? I mean... Judge... Wouldn't that be a... Or wouldn't the district court, even if you didn't make that argument, have to dismiss it because obviously the case is not ripe? There's no jurisdiction? Again, if... Accepting your analysis of it, yes. I'm not just asking a question. Tell me what the answer is. I want you to say it because you know it's true. Well, I wouldn't say that, Judge. I would ask this court to follow... Forget about this court. You're now in district court. You're now in district court. He has done just like you said. He has brought his federal habeas petition within a year after the first judgment, and at that point, that judgment is no longer in effect. What would that district court in Nevada do? And what would the attorney general urge them to do? I wouldn't say we dismiss it. It's, you know, there's no judgment of conviction. You can't have a federal habeas petition. You know you do that. Well, I would say it's on appeal. It hasn't been finalized yet. It's before the Nevada Supreme Court. Yeah. Why wouldn't they say, well, there's no judgment of conviction? I mean, it's not like there's a valid judgment, it's on appeal. At that point, there is no judgment. And without a state court judgment retaining him, the federal court doesn't have jurisdiction. You didn't think about that when you made your argument. I think you need to give up on this argument and move on to the next one. Okay. I would just ask the court to follow the rule in Colvin. The what? The rule in Colvin, which addresses federal habeas petitions, and says that before an amended judgment of conviction can restart the clock, there has to be a reversal and a remand from the federal court. Well, but you can't do that because if, in fact, you concede this, I think you have to. I think you should take this video and take it to your boss, the Attorney General of Nevada. Mr. Laxalt, isn't it? It is, Your Honor. The son of the great Senator Paul Laxalt, who voted for my confirmation. And perhaps even for Judge Reinhardt's. But anyway, talk to young Master Laxalt and ask him if this is not an argument you would make in district court. I mean, it's clearly slam dunk. It's one of those things. No valid judgment of conviction, no habeas. And he would get that case kicked out. So how can you have a timely, how can the time run at a time when the district court has no jurisdiction? I know Judge Cizinski is enjoying this argument, but he was trying to get you to go to the second point. That's what I'm trying to, yeah. And you're now down to two and a half minutes. Okay, I'll go to the second point, which is that he can't show that under, in light of subsequent case law, he cannot, as a legal matter, have committed the crime. So he argues that Sharma is the subsequent legal decision that would show that he did not commit the crime. But as is pointed out by Judge Burke, the Nevada Supreme Court ruled that his jury instruction was complied with Sharma. The other argument I'd like to make is that the due process argument that he's making is basically his first claim in the federal petition. That's not the standard. He's claiming that because there was no specific intent that he could not have been convicted. But he can't show that he's actually innocent. That's the only standard under Voskin because the Nevada Supreme Court said that case law, that that jury instruction complied with Sharma. The other thing that he's doing is that he's taking a claim, this due process claim, that the Nevada Supreme Court found was untimely, that it was procedurally barred. So he's trying to, again, the only thing he can argue is that there was subsequent case law. This due process argument doesn't address subsequent case law, so he can't show he's actually innocent. I'd also argue it was dead. Well, let me ask you, if you lose on the first claim, it goes back, why isn't there a Winship error? Remember Winship? We didn't address that in the briefing, Judge. I believe there has to be an element was left out that should not have been. But that claim, again, was not presented to the Nevada Supreme Court timely, so it was procedurally barred. I see. So your view would be was it ever presented to the Supreme Court? Excuse me? Was it ever presented to the Nevada Supreme Court? It was presented to the Nevada Supreme Court, but they ruled that it was procedurally barred because it was untimely. I see. So now he's presenting that claim to show actual innocence when the Nevada Supreme Court didn't address it because it was untimely. He hasn't satisfied Voskin. He hasn't shown that subsequent case law made it such that he could not have committed the charged crime. Okay. Thank you, Counsel. Judge, if I could just mention one thing to clear up a little thing about Mitchell that was mentioned. Mitchell in footnote 3 of the first Mitchell case approved the jury instruction that was used there. In Mitchell 2, the Nevada Supreme Court found that he was actually innocent because the prosecutor in closing argument conceded that he did not have specific intent to kill. So that is a good decision. It's not a bad decision, as he argues. Okay. Thank you, Counsel. Thank you. Just one quick point is that, yes, the underlying constitutional issue that we've raised in the petition with respect to Sharma was procedurally defaulted in state court, but actual innocence isn't the only argument that we're using to overcome that default. We made multiple arguments down below that the Nevada Supreme Court's decision, procedural default decision, was not adequate, wasn't independent. So actual innocence was one of the grounds, and the court just used that. The district court addressed it because it found the petition untimely. But with respect to the underlying procedural default. I missed those arguments quickly. Why wasn't it independent? Well, the decision itself goes into the merits of the claim. That's one reason why it's not independent. It certainly was just like recent Supreme Court decisions like Foster v. Chapman and Rippo where the cause determination by the state court was incorporated or at least brought in the federal issue, and that's what happened here. But it wasn't adequate as well because the Nevada Supreme Court used a procedural default out of thin air, something it had never used before when it said that Smith was not entitled to use Sharma in this case. So the actual innocence, I think, was actually maybe. Help me with that. Again, I missed the argument, so I'm swimming a little bit here. How do we know whether or not, if I remember our cases dealing with adequacy, there's usually a record made that the state Supreme Court, usually California Supreme Court, because we get so many more California cases than any other. So it's usually that they have had case after case after case after case where they haven't applied the rule, and then, bam, they apply it in this case. Right. Is there any record like that here? The record is that the Nevada Supreme Court cited to a case that had nothing to do with the procedural default that it imposed. I mean, I couldn't find a single decision in which they used the exact same procedural rule to say that Smith wasn't entitled to raise this claim at that point. So I'm bringing this up because we were only granted a COA on timeliness and actual innocence to overcome an untimely petition. So with respect to the procedural default decision, that's not necessarily before this court. However, I've brought it up because if we're able to overcome the default on the other grounds that we've raised, and we think that we should be able to because I don't think this was an adequate or independent procedural default, when the lower court addressed the actual innocence claim, they went into the merits of the Sharma claim. And when they went into the merits of the Sharma claim, the district court engaged analysis that was completely wrong. So I would just ask that the mandate be broad enough where we can at least get a chance to litigate the underlying Sharma claim and allow the district court to address the other grounds that we have to overcome the procedural default. Thank you, counsel. Okay. Next case for argument. Is this case submitted?
judges: Reinhardt, Kozinski, Berg